IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

OSCAR PRENTICE MCDOWELL       *
#62986
    Plaintiff,                  *

    v.                          *       1:09-CV-376-WHA
                                                                      (WO)

SHERIFF ANDY HUGHES, *et al.*,   *

    Defendants.                 *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Houston County Jail located in Dothan, Alabama, files this 42 U.S.C. § 1983 action against Sheriff Andy Hughes, Commander Keith Reed, Sergeant Buchman, Officer Hughes, and Officer Jackson. He complains about unconstitutional conditions of confinement at the county jail. (*Doc. No. 1 pgs. 2-3*.) Plaintiff seeks damages and injunctive relief and requests trial by jury. (*Id. at pgs. 4-5; Doc. No. 18*.)

Defendants filed an answer, written report, and supporting evidentiary materials addressing Plaintiff's claims for relief in which they deny his allegations. In addition, Defendants maintain the complaint is due to be dismissed because Plaintiff has failed to properly exhaust administrative remedies available to him at the Houston County Jail with respect to the claims presented in this cause of action. (*Doc. No. 16, Exhs. A-I.*)

Pursuant to the orders entered in this case and governing case law, the court deems

it appropriate to treat Defendants' written report as a motion to dismiss. (*Doc. No. 16;* *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense - as in [this] case - is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'").  The court explained to Plaintiff the proper manner in which to respond to a dispositive motion.  (*Doc. No. 17*.) This case is now pending on Defendants' motion to dismiss and Plaintiff's opposition. (*Doc. Nos. 16, 20.*) Upon consideration of  motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the court concludes that Defendants' motion to dismiss shall be granted and this case dismissed without prejudice as Plaintiff has failed to exhaust an available administrative remedy.

## I. DISCUSSION

Plaintiff's complaint asserts a challenge to the conditions of his confinement at the Houston County Jail. In response to the complaint, Defendants deny Plaintiff's allegations of constitutional violations and likewise maintain this case is subject to dismissal because Plaintiff has failed to exhaust the administrative remedy provided at the Houston County Jail prior to filing this complaint as required by directives of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  Federal law directs this court to treat Defendants' response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper

exhaustion. *Bryant*, 530 F.3d at 1374, 1375 (11th Cir. 2008).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require

proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

    The record in this case is undisputed that the Houston County Jail provides a grievance procedure for inmate complaints. (*Doc. No. 16, Exhs.1, A-H*.) This administrative remedy is available to all Houston County Jail inmates, including Plaintiff. (*Id*.) Defendants contend that a search of Plaintiff's inmate file reflects that he has never filed any grievance regarding the matters made the subject of his complaint. (*Id., Exhs. 1, I*.) In opposition to Defendants' motion to dismiss, Plaintiff argues that Defendants have not met their burden of showing that he did not exhaust all administrative remedies. He maintains that he filed numerous grievances which Defendant Reed has withheld from the court

because he destroyed them so no record would exist. (*Doc. No. 20, McDowell Affidavit.*)

Plaintiff relies on his own vague and conclusory allegations submitted in response to Defendants' dispositive motion that he complied with the jail's administrative remedies but that Defendant Reed destroyed his grievances. Plaintiff does not describe the substance or content of the grievances he submitted and which he claims were destroyed or how he knows Defendant Reed destroyed such grievances. His inmate file maintained at the Houston County Jail, however, does contain numerous copies of inmate requests forms he submitted to jail officials as well copies of inmate grievance forms he submitted. None of Plaintiff's inmate requests or grievances concern the matters complained of in the instant action. (*Doc. No. 16, Exh. I*.)

This court may properly resolve this factual issue relating to exhaustion, *see Bryant v. Rich,* 530 F.3d 1368, 1374 (11th Cir. 2008), and finds that the facts do not support Plaintiff's interference arguments. As noted, exhaustion of available remedies applies to all prisoners in any facility, it is mandatory, and may not be waived by the Court. *See Alexander,* 159 F.3d at 1324-26 (exhaustion requirement of 42 U.S.C. § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or *Bivens* ). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. *Alexander,* 159 F.3d at 1325; *see also Porter,* 534 U.S. 516. Furthermore, this court may not consider the adequacy or futility of administrative remedies, but only the availability of such. *Higginbottom v Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing Alexander,* 159 F.3d at 1323.

Based on the proof provided, Plaintiff has not utilized the administrative remedies available to him at the Houston County Jail with respect to his claim of unconstitutional conditions of confinement. The court has carefully reviewed the pleadings, documents, and records filed in this matter and finds that Plaintiff has failed to make a colorable showing that he has exhausted the administrative remedies available to him at Houston County Jail and/or demonstrated that he has been denied access to those administrative procedures during his incarceration at this facility. Other than his self-serving statements, there is no record or documentation that Plaintiff has made any complaints against Defendants about the matters made the subject of this action. The records before the court show that although Plaintiff filed numerous inmate requests and/or grievances during his incarceration at the Houston County Jail, he has provided nothing to refute or explain Defendants' evidence showing that he did not file a single inmate request and/or grievance regarding the incidents made the subject of the instant action.

Other than a conclusory and generalized allegation that he filed numerous grievances which have been destroyed, Plaintiff provides no other facts or evidence which tend to establish that he has properly exhausted the administrative remedies available to him at Houston County Jail with respect to those allegations made the basis of the instant complaint. *See Kozuh v. Nichols*, 2006 WL 1716049 at *2 (11th Cir. June 22, 2006) (rejecting inmate's claim "that he was 'thwarted' when officials refused to respond to his grievances, leaving the grievance procedure unavailable" and noting that inmate had filed numerous informal complaints). The court is persuaded by Defendants' evidence that the grievance process is

available to Plaintiff and he has failed to avail himself of that process with regard to the allegations made the subject matter of the instant action. The court, therefore, concludes that the claims presented in this cause of action are subject to summary dismissal without prejudice as Plaintiff has failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on such claims. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion to dismiss filed by Defendants (*Doc. No. 16*) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Houston County Jail.

2. This case be DISMISSED without prejudice pursuant to the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him at the Houston County Jail.

It is further

ORDERED that on or before **February 22, 2011** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or

general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of February, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE